### G. C. SHIRES V. THE STATE.

No. 23276. Delivered November 14, 1945.
Rehearing Denied January 16, 1946.

The opinion states the case.

*Rawlings, Sayers & Scurlock,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for a violation of what is known as the Motor Carrier Act, which appears as Art. 911b of Vernon's Annotated Civil Statutes, and Art. 1690b of Vernon's Penal Code; the punishment is assessed at a fine of $110.00.

The specific charge against appellant was, in effect, that he was a motor carrier, within the meaning of the Act and, as such, did operate a motor vehicle over the highways of this State "without there being displayed and firmly fixed upon the front and rear of said vehicle an identification plate furnished by The Railroad Commission of Texas so as to identify the said vehicle as being a vehicle authorized to so operate."

The sole question presented for review is the sufficiency of the evidence to support the conviction, it being insisted that the uncontradicted testimony fails to show that appellant was a motor carrier.

Art. 911b, Sec. 1 (g) defines the term "motor carrier" as follows:

"The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association or joint stock association, and their lessees, receivers or trustees appointed by any Court whatsoever owning, controlling, managing, operating or causing to be operated any motor-propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; provided, that the term 'motor carrier' as used in this Act shall not include, and this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns."

The facts upon which this conviction was predicated may be summarized as follows:

Someone had an automobile in Dallas, Texas, which he desired to have transported and delivered in San Antonio, Texas. He engaged the Safety Convoy Company, a corporation, to make this delivery and paid the fee required for that service. The convoy company hired appellant as its employee to make the delivery by driving the automobile on its own power from the point of origin to destination, and furnished the gasoline and oil necessary to make the trip. The appellant had driven the automobile as far as Travis County when arrested.

No property was being transported in the automobile for hire at any time and the sole and only service rendered, or contracted to be rendered, was the transportation and delivery of the automobile, as aforesaid. No other vehicle was used in trans-

porting the automobile and no identification plates were attached thereto.

All parties agree that if such facts show that either the Safety Convoy Company or appellant was a "motor carrier" within the meaning of the Act, then the conviction should be affirmed; otherwise, not.

For one to be a "motor carrier," a motor vehicle must be used to transport property. Here, only the motor vehicle was transported and delivered on its own power. It was not being used to transport other property.

The conclusion is reached that the facts here presented fail to show that the transportation of the automobile in the manner pointed out constituted appellant a motor carrier.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The Attorney General of the State has appeared in behalf of the Railroad Commission, and filed a motion for rehearing in this cause. The very able motion deals at length with the power of the state to regulate traffic on its highways. The proposition is elementary but was not raised in the appeal. There is no contention that the state does not have the power through its legislature, to pass a law which would support the penalty assessed in this case under the facts stated in the original opinion.

Our consideration was given to the construction of an act which the legislature did pass and we reached the conclusion that under the language of the act the legislature did not include one who drives a car for himself or another, for the purpose of delivering that car to some other place.

On the question which we have considered the Attorney General has presented an argument in behalf of his contention that the act did so include the vehicle driven, as well as any property

which might have been transported in it or by its power. Our attention is called to a ruling from the State of Georgia construing an act of its legislature. The language of the two acts is not the same and, even so, we would not be inclined to follow the opinion of the Georgia Public Service Commission in a judicial determination of the meaning of a statute under our own constitution. With like force do we consider the opinion of the Interstate Commerce Commission construing the Federal Motor Carrier Act. Our own Railroad Commission has probably viewed the language of the act under consideration in the most favorable light to sustain and extend its power of regulation. Such viewpoint is customary with regulatory bodies, and their inclination to do so is not subject to criticism. In construing a criminal statute, however, administrative construction may have but little, if any, persuasive force in reaching a judicial conclusion as to the express meaning of the legislature. Administrative interpretation acquiesced in by the subsequent acts of the legislature do have persuasive force under some circumstances but we are unable to find any indication of that force in the record of the case now before us.

The question raised in this appeal is an important one to the state, and has been so viewed by this court. At the same time we have not felt it necessary or helpful to write extensively on the subject. It is sufficient to say that the legislature has the power to pass such a law and that the language found in the act cannot be so construed as to sustain the conviction under the facts of the instant case.

The state's motion for rehearing is overruled.